Call our our last case for the day in Ray Ravi Subramanian Could you bring the microphone down just a little bit, please? Thank you. We have a Subramanian and we would like to reserve three minutes for possible rebuttal. That's granted. Your Honor, this is our motion. Where are your clients living now? Canada. This is our motion, or excuse me, this is our appeal of the denial of our motion before the Bankruptcy Court under Rule 60b1 and 60b6 to vacate a default and default judgment entered against Subramanian. You submitted additional evidence to us on appeal, but that wasn't submitted to the District Court, was it? That's correct. So we even consider that? Probably not. But, you know, there's at least it appears that there are nine items on the, in effect, motion to deny the discharge that were not responded to even after they were responded to, at least not responded to completely, four of which were still not responded to completely. How do you, how can we possibly set out a rule that says, okay, you get another chance at it when when you put before the District Court what you put before the District Court, it still doesn't even get you much past second base, let alone home? First of all, Your Honor, the, there are the overall objections. The, one of the first overall defense was that these items in an entry of a non-discharge, the failure to vacate a non-dischargeability judgment of some $70 million. Well, counsel, I looked at the complaint and both the bankruptcy judge and the District Court judge said that these nine items alone would be enough to deny dischargeability. So that if that's what you're going to charge for spending of $20,000 or to submit vouchers proving how it was spent, some fraud regarding the status of payments from a comm server to Mrs. Abramian for house rent, and these things, would you discuss whether any one of them are all nine are sufficient to deny dischargeability? First of all, let's look at the context in which this complaint was raised. We have a complaint of over 500 pages, 199 separate counts with multiple allegations. Well, counsel, it's 199 allegations with 26 counts. I'm sorry. I won't go into the complaint because in my view it violates the rules of civil procedure in an egregious way, but half of it are factual fact-pleading and the other half are the lawyer. I don't know how I would answer such a complaint. Well, it was a quite lengthy complaint and we did file a link. Mr. Subramanian submitted a lengthy affidavit in response. Overall, the initial response said these matters are de minimis. These matters are trivial in nature and are overall, by way of defense, they do not support a judgment of non-dischargeability. However, we do believe that if we go to these specific counts and we look into the specific counts and we look into the responses that the Subramanians submitted, they have been adequately answered. I think also the courts were incorrect in using a hardline approach. How is this more hardline than any other approach where you're required to show a meritorious defense, you have to say enough for the court to be able to say, oh, okay, you have a defense. There really wasn't anything said that would remove the cloud from some of these issues like the rent payment and other things as to why certain things were done the way they were done. Certainly, we could go through each count. I mean, one of the allegations was that he failed to recognize a signature of a certain individual on a certain check. Now, certainly, certainly that's not going to support a non-dischargeability judgment. Another allegation, it was he was confused about his wife's job title. Well, certainly, I would submit that would not support a judgment of non-dischargeability. But the overall, remember the overall, this is not a four-count collection complaint. This is a difficult, involved, intricate complaint of some with some $70 million in issue. What's your best case from a jurisprudential standpoint that we could say, aha, this is like X, and we, therefore, can grant relief? Well, I think there's two. The best case is that these allegations, these non- I mean case citation. Case and citation. The Massaro case that says, and the generally accepted standard is cases need to be tried on the merits. We have a situation for a 500-page complaint. Mr. Swindler was but two days late in filing his answer. But then he did nothing. That's right, and that's what gives rise to our B6 argument. I know he did nothing. He did nothing. His conduct was so egregious that that brings us into the B6 argument, which does not require the meritorious defense. So your theory is that the judge knew that this counsel was so deficient. That's why the judge discharged counsel sua sponte. That's correct. So that makes out your case for these poor people were represented by someone who basically didn't know what he was doing. The motion is filed in the alternative under B1 and B6. Would you discuss, let's assume that had he asked for an extension of time to file an answer, it would have been routinely granted. He did request an extension of time that was denied. Well that, what, he requested of counsel. He didn't request it of counsel. And I'm suggesting I don't know any judge in the country that wouldn't have given an extension of time. But he did, he did for one reason or another, didn't ask to vacate the default and allow the default judgment to be entered, which of course makes it more difficult. How do you account for the doctrine that parties generally are tagged with what their lawyers do since their lawyers are agents? The case could rise to the level where the conduct of the attorney is so egregious that it takes it out of the case. And I think Mr. Swither's conduct was so egregious. Look, let's look what he did and did not do. In preparing and filing a bankruptcy case of this nature, he never met with Mr. Subramanian. He spent an hour with Mrs. Subramanian. He spoke with Mr. Subramanian on the telephone. He did not meet with them in preparation of the 341 hearing. He never counseled them on how to testify at the 341 hearing. He never reviewed their testimony at the 341 hearing. Never filed amendments to correct any deficiencies which happened at the 341 hearing. Never filed an answer in a timely fashion. Never the answer which he filed was a bare-bones answer containing absolutely no separate offenses. He never filed a timely motion to for extension of time to file an answer after when he realized he was going to be late. In fact, the Subramanians retained an attorney, but yes, they have to be aware of their Attorney's Act, but when their Attorney's Acts are so egregious as that performed by Mr. Swidler in this matter, it takes this case out of the norm. Had Mr. Swidler been just too impromptu in filing the answer, had he filed it two days earlier, the Subramanians would have been entitled to all discovery. You know, that's all, that's a great response at a particular point in time, but once you have the chance to go back in and say, okay, we don't want, we want the default lifted because here's our response to the complaint, and there are, I think it's five, seven, eight, and sixteen of the counts you don't respond to at all, and five others you only respond to partially. What's a court to do? Well, the court could have done a number of things. One thing the Bankruptcy Court could have done is said, remanded, said, I want to give you an opportunity. I don't believe, Subramanian, we don't believe you responded properly to various of the counts. I'm going to, in order to see that justice is done, I'm going to give you an opportunity to file a supplemental certification to respond to these counts, and I will then review the whole matter on the merits. Remember, once again, the idea... But even if we were to consider the additional information you put before us, which we cannot consider, and we all agree to that, it still appears that the Subramanians have not answered every claim. Well, I would respectfully disagree, Your Honor. The certification you're speaking about, I believe, is the certification that was filed in support of the motion for a state pending appeal. In that certification, the Subramanians did, in fact, spend considerable time answering each of the nine unanswered or allegedly not properly answered counts. And if the Bankruptcy Court had given them that opportunity to file a supplemental certification, the Bankruptcy Court then could have made that ruling. Now, once again, I want to get back. We're not talking about a four-count collection complaint. We're talking a complaint over 500 pages in length with a hundred and multiple allegations. But there was a judgment against them for what, 18 million? Was that right? 18 million, but the non-dischargeability judgment is for 70 million dollars in debt. When you say non-dischargeability judgment, this is different from a tort or a contract where, if you default, you're entitled to your judgment. I mean, non-dischargeability under the Bankruptcy Code, there may be grounds for a discharge or for non-dischargeability and for finding of an exception. But the court doesn't necessarily, even though, you know, you may have clicked off, yes, they failed to explain this, still there's discretion in the court, is there not, as to whether to make the exception to the discharge. And was that argument raised, that even though there's been a default with respect to this, the one creditor saying, I'm entitled to have this debt accepted from the discharge, isn't there another step here that the Bankruptcy Court, nonetheless, could say, well, okay, judgment, you might be entitled as a matter of law, but it's up to me to decide whether I will accept that or not. When the complaint wasn't answered, an affidavit was filed in support of an entry of default, which basically said the Supermanians did not answer the counts of the complaint and therefore they had deemed admitted, there was no further factual finding other than that. There was no hearing, they presented no testimony, it was simply on the basis of the affidavit that said they did not answer the complaint, the allegations are deemed admitted. All right, any further? No, nothing. All right, we'll hear from you on rebuttal, thank you. My name is John Altieri, I represent the Appellee HSBC Bank USA. You mentioned that the Supermanians were living this lavish lifestyle in Canada, how do you know about their whereabouts and lifestyle? Let me, if I may, answer you that in two different ways. One is I believe that there are factual scenarios presented to the court that may not and certainly probably are not material to the decision under Federal Rule of Civil Procedure 60B. So those references, I think, are just simply not material. With respect to the- Well, then why were they made in your brief if they weren't material? I believe that other counsel in Canada are pursuing the proceedings to collect the debt and they were put into the brief to, I think, apprise the court that it is a continuing- Is there any evidence of it? There's no evidence in the record in the district court and I would, as to those particular references, I don't think they're material to this appeal. Counsel, under 60B, one of the bases for relieving a party of final judgment is any other reason justifying relief from the operation of the judgment. Judge Lyons, I believe it was Judge Lyons here, took the extraordinary step of dismissing this counsel, sua sponte, which I have never seen happen, quite frankly. Presumably because counsel had done such a woeful job that no one should be represented by this person. Should that not be deemed a reason justifying relief from the operation of the judgment? For two reasons or not. The first is that from the beginning of the bankruptcy, which was, in fact, instigated, now this is different from the regular district court case where we usually have Rule 60 applications pertinent to a defendant. This appellant is here having started a bankruptcy and has been in control of their bankruptcy. The adversary proceeding that we are dealing with is just part of something that the appellant here controlled from day one was very much involved in on an active basis. Well, but the problem here was counsel's ineptitude. That is what has brought about this judgment. If we get to that two days after the adversary proceeding complaint, the answer is due. The appellants were served personally with all of these papers. They received the application for a default. They received the motion for a default judgment. So they were always on notice that things were going wrong and obviously from the papers. How would the appellant know that the lawyer wasn't going to file an answer until he didn't file the answer? Well, he may or may not know that, but we'll find out immediately thereafter getting notice of just the simple request for entry default, which could easily have been removed by the court. Well, I must say, relating to Judge Rendell's comment about 60 v. 6, throughout the briefs there's a suggestion that the sub-Romanian was responsible for the actions of his counsel. And I must say that unless he was more knowledgeable in the law than some of us, I don't know how you could know the procedures in bankruptcy and how he had violated them. This is the complaint in this case, sir. And I read the whole thing and it took quite a bit of time. And I also analyzed the whole thing. And I think it is a violation of the rules of bankruptcy procedure and civil procedure to file a pleading that is so fact-intensive. We have notice pleading except for fraud. But even with the allegations of fraud, it was very difficult to answer even by a really skilled attorney, except a skilled attorney would have filed a motion to strike the complaint and made you start over again. The complaint, many of the allegations, in fact, have to do with fraud not only before the bankruptcy but during the pendency of the bankruptcy. What the bankruptcy judge is dealing with is the totality of the circumstances of conduct that is occurring in front of that bankruptcy judge. But we're dealing with the ability of a lawyer to file an answer to this kind of a complaint. When the answer isn't filed, the defaults ended, and what does the bankruptcy judge do? He removes the lawyer's sua sponte and says, your brief or your papers in support of your motion to vacate the default judgment are insufficient. I wasn't there. But he removes them. But then the court has to look at what happens next. He gave him another chance with a more than competent lawyer who then makes the same motion under the same federal rule of civil procedure. And when you read the district court's opinion and you read the bankruptcy court's opinion, they get to the crux of it. You still haven't raised sufficient defenses. Let me ask a question that may seem like it's out of left field. But the judgment that was entered here specifically states that the debtors are barred from receiving a discharge pursuant to 11 U.S.C. 727 A3 and 727 A6A. Now, there are only four counts that pertain to those specific sections. Counts 10, 12, 21, and 22. There is no challenge as to the propriety of the defense to count 12 or 10. There's no challenge to the propriety of the defense to count 21. Quite frankly, I disagree with the challenge to count 12. And I agree with the challenge to count 22, which by my arithmetic means that one out of four of these counts is a problem with the meritorious defense. Should we not, if a judgment was entered specifically regarding a statutory section as a matter of law, aren't we dealing then with only those counts that pertain to the request for a discharge pursuant to those statutory sections? I think what we need to look back upon is the opinion of the bankruptcy court at page 11, where the bankruptcy court enumerates that as a matter of law. He is determining and has determined that the discharge is actually based on 7720 A2, 3, 4, and 5. Well, I'm just looking at the judgment. The judgment is not consistent with the judge's opinion. Yeah, well, that is a problem, isn't there? Well, that's a problem which this court can review the bankruptcy court's opinion and we'll that the bankruptcy court is specifically referring to all of those sections of 727 and particularly mindful of the fact that we are seeking to look for abuse of his discretion and these things occurred in his court as alleged. We're talking about pre-filing alleged fraud and post-filing alleged fraud, including the violation of that judge's court order. One of the findings was that this person intentionally violated his court order. That in and of itself would be enough to not allow the discharge, but I respect the request of the court to look back to the totality of the opinion and Judge Lines' opinion and referring to all the sections and truly what he is saying, which is, and I know you're familiar with Judge Cooper, she thoroughly reviewed the entire record and her opinion says the same thing, that you have a finding of just a total lack of a meritorious defense to these allegations and they do, in fact, amount to sufficient grounds in the discretion of the bankruptcy court to not allow this discharge ability. It's one thing to say you have not shown a meritorious defense to allegations, so that those allegations, let's say, should be deemed proven. It's another to say that that automatically means that the discharge is denied. Was there a step missed here in that the bankruptcy judge should have said, well, given what we have with respect to the fact that you could not explain this check written for rent and you could not satisfactorily explain this, let's say, how you lost $20,000, although to my mind it seems like you easily spent $20,000 and not have a record of it over a few years. Does that then mean that this debt is definitely, and in the exercise of my discretion, I determine it will be non-dischargeable? Isn't there a step missing there where the bankruptcy judge should step back and look at these and say, okay, these allegations, not satisfactory, but does that mean that I will deny a discharge of this debt? That step actually occurred in this case, but while I don't know that in my reading of the cases under Rule 60 that the courts typically take that step, you do often get that step and it happened in this case because there was a second motion to vacate the default judgment. There was oral argument. There was, in fact, a submission made by Mr. Subramanian, which was probably technically out of time and was the second motion to vacate the default judgment. But if you read Judge Lyon's opinion, he says, I, and Judge Cooper agreed, I accept the Subramanian affidavit submitted in the bankruptcy court, which was a long, rambling explanation that's specifically attempting to address the complaint as if it was timely filed and as if it is an answer. How much more does a court have to do if the judge is extending his discretion, giving this party all the equity in the world, knowing he had a bad lawyer? I'm going to give you another chance. I'm going to read your supplemental certification on the belated motion as if it's an answer. Now, can this court say, this court can review every answer that's filed. If somebody doesn't answer a number of allegations in a complaint, you know, that's not the way the federal rules work. And we need to have reliance not only in the federal rules, but we need to have great reliance not only on our district court, but our bankruptcy courts because they're a specialized court. This case wasn't just before Judge Lyons for 10 minutes. This bankruptcy had been filed twice. The Chapter 7 was rejected the first time because these appellants didn't do that right. And then Judge Lyons accepted the second filing and the case proceeded. And in fact, even the deadlines for extending the non-dischargeability adversary proceeding were extended with the knowledge of these. If there's a case that calls for a high court like this to give somebody equity and give them a break, all you have to do is look at the record. The district court and in particular the bankruptcy court already, as a matter of fact, as a matter of procedure and as a matter of procedural history, gave them the break and bent over backwards and considered everything. Would you explicate the fact that this wasn't just decided on papers? Was there ever a hearing or you said there was oral argument? I believe there was oral argument at both of the default, motion to vacate the default judgment, but I was not there. So I don't know what occurred. I do understand indirectly that Mr. Swindler was discharged sua sponte by the court from the bench. But that was, if the court notes that procedural history, the judge had the sense, the equity, and the liberality to deny the motion to vacate the default judgment filed by Mr. Swindler without, specifically without prejudice, so that it could be done again. And then, in fact, it was done again with competent counsel, with a rambling response, which the judge considered as an answer. But on this complaint and that rambling answer, in other words, I was never a bankruptcy lawyer, as is perhaps obvious. But when you come to an adversary proceeding, it brings the cases I'm used to. And it would be very unusual to decide something as important as this without a hearing. Well, that's my experience. I'm the adversarial proceeding lawyer. So I'm a district court lawyer, not a bankruptcy lawyer. So you would have a summons and complaint. And the adversary proceeding is nothing but a regular old civil law suit. And a preference for a decision on the merits, not on papers. Absolutely. And the judge bent over backwards to give them every opportunity to vacate that default, vacate that default judgment, and then came to the crux of the issue. You don't have meritorious defenses. Because, in effect, what the judge, the bankruptcy court judge, Judge Lyons, was to say, I'm going to give you the benefit of the doubt on the excusable neglect. I'm going to deny the motion of impressions and let you hire another lawyer and put in anything else you want. And then he accepted the things that were put in. And then again, at that late date in May, well after the default, denied that motion, which, of course, was affirmed by the district court. I have nothing further. Nothing further. Thank you. Rebuttal? Just a few minor points. At the time the complaint was served, and the answer is due to the Supermanians who were living in India, because of the 12-hour time difference, they could not, it was very difficult to speak with Mr. Swigler over the telephone. They were communicating with him by email. And they were assured that everything was being handled promptly. Well, I don't know if that helps you a lot. Because if you file a bankruptcy petition here, you've got to be here. And you expect some relief to be granted. You better make sure you can communicate with your counsel. Well, they did communicate with their counsel. And they did receive the assurances that they were seeking. What more do they need to do? Well, but what about your opponent's statement that, you know, the judge gave you the benefit, gave him the benefit of the doubt, allow them to have new counsel and try again, and still didn't work? Well, we have to look at this in the totality of the whole factual scenario. We were expected to respond to a 500-page complaint without the benefit of any discovery whatsoever. Well, that's what happens in the pleading system, isn't it? But once again, we have a situation, you know, let's not look at this as a hard and fast rule. The rule should be interpreted so that justice is done. We're talking about a $70 million claim. We believe we have properly responded to the allegations in question. Judge Lyons felt we didn't. Fine, we could accept that. And I think in our supplemental papers, although it wasn't before the court, we show that, yes, we do have an absolute defense to these remaining allegations. Nevertheless, give us our day in court. That's all we're asking for our day in court. And perhaps if the result is, Judge Lyons, consider this supplemental affidavit. Consider their proposed responses to these nine counts. Then make a hearing. Fine, we could accept that. There's no prejudice to the bank or to the trustee if that is the result. The problem is that with such a complicated, complex case, with the amount in question so excessive, this is not fundamentally fair. All right, fine. Counsel, thank you very much. We'll take the case under advisement. Ask the recess court.